**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

LEONARD LOUIS GUY
ADC #500175                                                                                                     PLAINTIFF

V.                                                  NO: 2:08CV00031 BSM/HDY

TERESA KUNDERT  *et al.*                                                                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian

S. Miller.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.
2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof,  and a copy,  or the original,  of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently incarcerated at the Randall Williams Correctional Facility, filed a *pro se*

complaint, pursuant to 42 U.S.C. § 1983, on March 12, 2008, alleging that he has been denied

appropriate medical treatment.  On February 17, 2009, Defendants filed a motion for summary

judgment, along with a brief in support, and statement of facts (docket entries #36-#38).  Plaintiff

has filed a response (docket entry #41).

## I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, he was denied appropriate medical care when he had a bloody discharge coming from his penis while he was incarcerated at the East Arkansas Regional Unit ("EARU").  Defendants are Teresa Kundert, director of nursing; Charlotte Green, health services administrator; and Vicki Moore, medical grievance officer; all of the EARU.  Defendants assert that Plaintiff's complaint should be dismissed because he cannot demonstrate that any Defendant was deliberately indifferent to his medical needs.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of

treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Assuming Plaintiff's medical needs were serious, there is no evidence in the record that any Defendant was deliberately indifferent to those needs. Indeed, Plaintiff's own deposition testimony (docket entry #38) is that he sued Green because of the way she kept "treating and treating" him, although he admitted that Green "did the best she could." With respect to Kundert, it appears that Plaintiff is proceeding against her because she did not give him a "gate pass" to go to the Wrightsville Unit upon his request. Although Kundert did not direct his transfer, Plaintiff was transferred to the Wrightsville Unit within a month of his request. However, Plaintiff's condition did not improve there, but ultimately cleared up after a physician at the Union County Jail gave him another antibiotic. Although Plaintiff contends that Kundert "popped an attitude" with him, and told him to file a § 1983 form, such comments do not amount to a constitutional violation. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992) (verbal threats not actionable); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985) (name calling not a constitutional violation). Finally, Plaintiff's claim against Moore is that she agreed that he should be reimbursed for a number of medical co-payments. Even though Moore agreed Plaintiff should have been reimbursed, he never was, although he testified in his deposition that Moore "did what she could." Plaintiff's monetary issues have nothing to do with the medical care he received. If Plaintiff believes that he is entitled to receive refunds, he may seek them in a proceeding before the Arkansas Claims Commission. *See* Ark. Code Ann.§ 19-10-204; *Hudson v. Palmer*, 468 U.S. 517, 530-537 (1984) (when state actor deprives individual of personal property, individual does not have a § 1983 claim if state law provides adequate post-deprivation remedy).

It is clear that no Defendant was deliberately indifferent to Plaintiff's medical needs. There

is no evidence that any Defendant withheld or blocked needed medical care.  Indeed, Plaintiff even

admits in his complaint that he had "seen every doctor" at the EARU, and that they had run "test

after test," on him.  Plaintiff's deposition testimony demonstrates that he had a full battery of tests,

and was prescribed various medications, including antiobiotics.  The fact that the physicians were

unable to immediately rectify Plaintiff's problem does not mean that Defendants, none of whom are

physicians, were deliberately indifferent to his medical needs.  Accordingly, Defendants' motion for

summary judgment should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (docket entry #36) be GRANTED, and

plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

DATED this ___10___ day of March, 2009.


_____
UNITED STATES MAGISTRATE JUDGE